IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Richard W. Bell,
  Plaintiff,

v.

Sheriff Franis, et al.,
  Defendants.

1:09cv650 (JCC/IDD)

## MEMORANDUM OPINION AND ORDER

Richard W. Bell, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants denied him access to the law library and denied him the opportunity to make legal phone calls. Plaintiff also submitted an application to proceed in forma pauperis in this lawsuit. By Order dated July 27, 2009, plaintiff was directed to particularize and amend his complaint. Plaintiff submitted a response to the Court's Order on August 3, 2009. However, after reviewing plaintiff's response, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I. Background

Plaintiff, an inmate at the Southampton County Jail ["SCJ"], filed this complaint against

---

[1] Section 1915A provides:

 (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

 (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
  (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

Sheriff Franis, Captain Covenant, Sergeant Dole, and Deputy Vance, all officials at SCJ. In his response to the Court's Order, plaintiff alleges that on May 20, 2009, he wrote a request to Deputy Vance for "legal information on case studies and code laws for search and seizure." According to plaintiff, this request was denied by Deputy Vance, who told plaintiff that he needed to call his lawyer for that information. Plaintiff then filed a grievance complaining of this incident, but the grievance was returned to him by Sergeant Dole, informing plaintiff that he would need to ask his attorney for it. Plaintiff filed a second grievance regarding this issue, to which Captain Covenant again informed plaintiff that he would need to consult with his attorney regarding preparation of his case.

Plaintiff also alleges that on May 28, 2009, he filed a grievance with SCJ officials because he was denied a legal phone call. The grievance was returned by Deputy Vance, and the response stated that plaintiff would have to write a letter to his attorney. Plaintiff was unsatisfied with this response and filed another grievance. However, in the official SCJ response from Sergeant Dole, plaintiff was again informed that he would have to write a letter to be in touch with his attorney. Plaintiff also seems to assert that there is a phone in his jail cell available for use, however, he states that the phone is recorded every time it is used. As such, plaintiff states that he does not want to use that phone because if he discusses his case with his lawyer "they could use the recording against [him] in court." Finally, plaintiff states that Sheriff Franis is liable because he "failed to correct his deputies" when they allegedly violated plaintiff's constitutional rights.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and construed in plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, a court need not accept plaintiff's legal conclusions as true. Id.

### III. Merits

Plaintiff's factual allegations, taken as true, fail to rise to the level of a Constitutional deprivation. The right of access to the courts is well-established, and encompasses not only access to law libraries and adequate legal assistance, but also a prohibition on state prison officials from actively interfering with inmates' attempts to prepare legal documents or to file them, and a requirement that state courts waive filing fees or transcript fees for indigent inmates. Lewis v. Casey, 518 U.S. 343, 350 (1996). However, a plaintiff must allege that he has suffered an "actual injury or specific harm." Hause v. Vaught, 993 F.2d 1079, 1084-85 (4th Cir. 1993); see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir. 1987). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va. 2004).

Here, plaintiff states only that he wanted to do research on search and seizure for his case,

but admits that he has an attorney who is representing him in that particular matter. Moreover, as in his original complaint, plaintiff fails to allege what actual injury or specific harm he suffered as a result of his lack of access to these specific legal materials. Rather plaintiff states only that because his request was denied, he could not "help [his] lawyer in preparing [his] case." He does not state why it was necessary for him to obtain these materials when he already is represented, or how he was adversely impacted by this refusal.

Similarly, although plaintiff alleges that SCJ officials denied plaintiff a phone call to his attorney, his own recitation of the facts indicates that he was permitted to mail a letter to his attorney as an alternative. Plaintiff does not state why this form of communication was insufficient, or how, if at all, he suffered an injury from this refusal. Moreover, plaintiff seems to suggest that he actually did have a phone at his disposal, but he refused to use it because of his fear that the phone call was being recorded. From the facts alleged, at worst plaintiff has expressed displeasure at his current situation and his inability to access things in the time and manner he would prefer. However, such a claim does not rise to the level of a constitutional violation. As a result, plaintiff has failed to state a claim against these defendants, and his complaint must be dismissed pursuant to § 1915A.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 3rd day of Sept 2009.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.